IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW D. CHASE,                       Case No. 1:12-CV-00884-AA

       Plaintiff,                         OPINION AND ORDER

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

       Defendant.

---

Aiken, Chief Judge:

    Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income benefits. See 42 U.S.C. §§ 405(g), 1383(c)(3).

    Plaintiff alleges disability since July 23, 2007, due to attention deficit hyperactivity disorder (ADHD), learning disorders, and other mental impairments. Tr. 103, 113, 118. His application was denied initially and on reconsideration. Tr. 64-71.

1 - OPINION AND ORDER

After a hearing at which plaintiff, his mother, and a vocational expert testified, tr. 22-59, the administrative law judge (ALJ) issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act. Tr. 6-17.

Plaintiff asserts that the ALJ erred by: 1) failing to obtain neuropsychological testing; 2) rejecting plaintiff's testimony; 3) failing to credit the opinions of examining and reviewing psychologists; 4) failing to credit the lay witness testimony of plaintiff's mother; and 5) failing to show that plaintiff retains the ability to perform other work, as the jobs identified by the ALJ require math skills beyond plaintiff's capabilities. I find no error.

First, the record is not so ambiguous as to trigger the ALJ's duty to further develop the record; I find no error in the ALJ's denial of a neuropsychological evaluation. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). As noted by the ALJ, plaintiff was given two psychological evaluations with some testing, and he cooperated with the exams. Tr. 13, 185, 204-09, 266-70. Plaintiff was assessed with sub-average intelligence and given provisional diagnoses of a learning disorder and ADHD, both of which were accepted by the ALJ. Tr. 11, 15 (finding the impairments of a learning disorder and

2 - OPINION AND ORDER

attention deficit disorder to be "severe" at step two), 206, 269-70. Plaintiff contends further evaluation was necessary to obtain a "certain" diagnosis regarding the provisional diagnoses. However, given that the ALJ accepted the provisional diagnoses and limited plaintiff to simple, routine work, plaintiff fails to show that the record was ambiguous in this regard.

Second, the ALJ provided clear and convincing reasons to support his finding that plaintiff's testimony was not wholly credible. Chaudhry v. Astrue, 688 F.3d 661, 671-72 (9th Cir. 2012). The ALJ noted that the evidence of record contradicted plaintiff's stated limitations in reading, writing, comprehending, and his asserted IQ of 60. Tr. 13-15, 206, 268-69. The ALJ also noted that plaintiff gave inconsistent statements regarding his alcohol abuse, and that plaintiff was able to complete simple chores, fill out and pursue his disability benefits application, perform daily activities of living, and play video games. Tr. 13-14, 34-35, 141-48, 268.

The ALJ further relied on the psychological evaluations which reflected plaintiff's lack of effort in acquiring vocational or occupational skills and his lack of motivation and effort in training for or seeking employment. Tr. 15. One psychologist reported that plaintiff "seemed to have very little interest in working and was doing nothing that this writer could determine to seek employment. He seemed to have his heart set on being made

3 - OPINION AND ORDER

eligible for disability." Tr. 268. Thus, the ALJ provided legally sufficient reasons to discount plaintiff's testimony. See Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (affirming ALJ credibility determination that relied in part on the plaintiff's lack of motivation).

Third, I do not find that the ALJ improperly rejected the opinions and conclusions of the examining and reviewing psychologists. The psychologists noted that plaintiff had sub-average intelligence and would be mildly limited in following and understanding directions in an entry-level work environment, mildly to moderately limited in pace, persistence and concentration, and "no more than mild problems in social relations." Tr. 206-08, 225, 269, 281, 285-88. One psychologist noted that plaintiff had "no barriers to employment." Tr. 208. Ultimately, the ALJ assessed plaintiff as being limited to simple, routine tasks with no frequent, public contact. Tr. 12.

Plaintiff nonetheless maintains that the ALJ rejected plaintiff's "moderate" limitations in pace, persistence and concentration and "poor math skills," limitations noted by reviewing and examining psychologists and apparently accepted by the ALJ. Tr. 15, 269, 281, 285. Even if the ALJ erred by excluding these limitations from his residual functional capacity determination, I find any error to be harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error is

4 - OPINION AND ORDER

harmless where it is inconsequential to the ultimate nondisability determination.") (citation and internal quotation marks omitted). With respect to "moderate" limitations in pace, persistence and concentration, the vocational expert testified that limitations in these areas would not preclude the jobs identified, because supervisors for unskilled workers generally have frequent contact with their workers and will provide redirection. Tr. 56-57.[1] Further, the jobs identified by the vocational expert do not include duties involving mathematical calculations. <u>Dictionary of Occupational Titles</u> (DOT) §§ 249.587-018, 819.686-010, 919.687-014. I therefore find no error that warrants reversal. <u>See</u> <u>McLeod v. Astrue</u>, 640 F.3d 881, 888 (9th Cir. 2011) (plaintiff must show a "substantial likelihood of prejudice" resulting from error).

Fourth, I find that the ALJ's provided adequate reasons to discount the testimony of plaintiff's mother. The ALJ noted that plaintiff's mother portrayed him as more limited than the evidence in the record reflected, and that she provided inconsistent statements regarding plaintiff's abilities. Tr. 13-15. Such reasons are germane to her testimony and fairly supported by the record. <u>Molina</u>, 674 F.3d at 1114.

---

[1] Plaintiff argues that the vocational expert testified that a worker who is off task four or five times a day and must be told to "get back to work" could not sustain employment. Tr. 58. However, no examining or reviewing psychologist opined that plaintiff's "moderate" limitations would result in being "off task" to such a degree. To the extent plaintiff relies on his own or his mother's testimony, the ALJ did not error in discounting their testimony.

5 - OPINION AND ORDER

Finally, I find no error in the ALJ's finding that plaintiff can perform other work in the national economy. The vocational expert testified that a person with plaintiff's capabilities could perform unskilled work as a truck washer, machine feeder, and microfilm document preparer. Tr. 54-55. Plaintiff maintains that the DOT description for each of these jobs includes the definition trailer "M1," meaning Math Development 01. This level of math development encompasses adding and subtracting two-digit numbers, multiplying and dividing 10s and 100s by 2, 3, 4, and 5, and performing basic arithmetic operations involving currency and measurements. DOT Appx. C, § III (01 Mathematical Development). Notably, there is no level of Mathematical Development lower than 01. Plaintiff contends that because a psychologist opined that plaintiff had poor math skills and could not add or subtract one-digit numbers, the ALJ erred in relying on the jobs identified by the vocational expert.

Mathematical Development levels are part of the DOT General Educational Development (GED) scale that "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT Appx. C, § III. "This is education of a general nature which does not have a recognized, fairly specific occupational objective." Id. Thus, the GED definition trailers describe the level of education "based on the curricula taught in schools throughout the United States" that

generally is required for the job; the GED trailers may inform but do not necessarily impose job requirements.

As described in the DOT, the duties for truck washer, machine feeder, and microfilm document preparer do not involve computation or math skills. For example, a truck washer "[c]leans interiors and exteriors of transportation vehicles, such as airplanes, automobiles, buses, railroad cars, and streetcars[.] DOT § 919.687-014. Similarly, a machine feeder "[f]eeds metal components and removes finished assemblies from brazing, soldering, or welding machines or furnaces[.]" Id. § 819.686-010. A microfilm document preparer prepares documents for microfilming "using paper cutter, photocopying machines, rubber stamps, and other work devices[.]" Id. § 249.587-018. None of the specific duties for these jobs involve subtracting double-digit numbers or multiplying and dividing tens and hundreds. Therefore, the record supports the ALJ's finding that plaintiff is able to perform other work.

## CONCLUSION

The ALJ's findings are supported by substantive evidence in the record, and the decision of the Commissioner is AFFIRMED.
IT IS SO ORDERED.

DATED this 22 day of July, 2013.

_____
Ann Aiken
United States District Judge

7 - OPINION AND ORDER